Vaidik, Chief Judge,
dissenting.
I respectfully dissent. Because the evidence supports the trial court’s conclusion that Mother willfully disobeyed a clear court order by denying Father parenting time, I would affirm the contempt finding. . .
The trial court issued a five-page parenting-time order in May 2016. The order gave Family Ties “control” over the parenting-time sessions between Father and Child, including the “actual day” of the sessions, and ordered Mother and .Father to “fully cooperate with the officials of [the] program.” Appellant’s App. Vol. II p. 11. Mother initially complied with the court’s order, taking Child to Family Ties five times (two of which were therapeutic sessions). Tr. p. 64. But after a month of sessions Mother became upset with Family Ties and stopped complying with the May 2016 order. She filed a motion to modify the location of the parenting time from Family Ties in Angola to Children First Center in Auburn.[7] While that motion was pending, Mother did not take Child to Family Ties. Father responded by filing a petition for contempt, and the trial court found Mother in contempt for “ignoring] the directives contained in the order” and “denying [Father] parenting time.” Appellant’s App. Vol. II pp. 175-76. ■
Mother now appeals her contempt finding, but it is hard to tell if she is doing so by attacking the May 2016 order that gave Family Ties discretion or by challenging the manner in which Family Ties exercised that discretion. In any event, neither of these arguments has merit.
Addressing the first basis, Mother claims that the trial court erred by “delegating]” its judicial authority to Family Ties to determine “whether the’ supervised visits ought to be therapeutic” and “which date the visits must occur.” Appellant’s Br. p. 16. Mother, however, did not appeal the May 2016 order within thirty days and therefore has forfeited her right to appeal this order. In re D.J., 68 N.E.3d 574, 579 (Ind. 2017); In re Adoption of O.R., 16 N.E.3d 965, 971 (Ind. 2014). Nevertheless, a reviewing court may exercise discretion to decide the merits of a forfeited appeal. D.J., 68 N.E.3d at 579. The question is whether there are “extraordinarily compelling reasons” to justify reaching the merits of a forfeited appeal. O.R., 16 N.E.3d at 971. Because Mother has not identified *984 such reasons here, I would not reach the merits of this issue.
As for the second basis, Mother asserts that Family Ties “interpreted the Court’s Order as delegating to [it] the authority to determine if the supervised sessions ought to be therapeutic in nature,” without the approval of the trial court.[8] Appellant’s Br. p. 17. As I already noted, Mother has changed her position on appeal as she requested therapeutic parenting time in her motion to modify. In any event, even if Mother believed that Family Ties was abusing the discretion it had been given in the May 2016 order by requiring the visits to be therapeutic as opposed to supervised, she still was not entitled to stop bringing Child to Family Ties without a new court order in hand. Even though Mother filed a motion to modify the parenting time from Family Ties in Angola to Children First Center in Auburn, the court had not ruled on this motion. While this motion was pending, Mother was still required to bring Child to Family Ties. Mother’s failure to do so led to Father’s petition and the trial court’s contempt finding.[9]
Until modified or vacated, a court order remains in effect. A party can be held in contempt fbr failing to follow a court’s order if the party willfully disobeys it. City of Gary v. Major, 822 N.E.2d 165, 169-70 (Ind. 2005) (noting that a party can even be held in contempt of an erroneous order and explaining that the only remedy from an erroneous order is to appeal it). In addition, the order must be clear and certain as to' what the party must do or not do. Id. at 170. Here, the trial 'court found that its May 2016 order should have been “easily understood” and was written- in a way to give Family Ties control over how the parenting-time sessions were conducted. Appellant’s App. Vol. II p. 172; Tr. p. 86.1 agree. The order provided that Family Ties had “control” over the parenting-time sessions between Father and Child. Mother did not like how Family Ties was exercising the control it was given. So she took matters into her own hands and stopped going to Family Ties without a *985 new court order. I would therefore affirm the trial court’s finding that Mother was in contempt.

. Ironically, Mother’s motion to modify requested therapeutic parenting time at the new location. Appellant’s App. Vol. II p. 16.

. Judge Bailey likens this case to In re Paternity of A.R.R., 634 N.E.2d 786 (Ind. Ct. App. 1994). In that case, the trial court ordered that visitation between the mother and the child would continue at Family Connection Center with the same frequency and duration that was then occurring and that it would be fully supervised until the Family'Connection . Center felt that the mother was no longer acting against the center’s rules. In addition, the court ordered that visitation would increase upon the therapist’s recommendation. We reversed this order on appeal because it left the determination of “when supervised visitation [was] no longer needed and when the frequency of visitation may be increased” to Family Connection Center instead of to the trial court. That impermissible endowment of ' judicial powers is simply not present here. The trial court’s May 2016 order carefully set out Father’s parenting time, starting with one hour per week for fifteen weeks under the "control and supervision” of Family Ties and ending with overnight parenting time after June 3, 2017, pursuant to the Indiana Parenting Time Guidelines, provided that Father had established a stable -home of his own. Appellant's App. Vol. II p. 13.

. Mother said she did not bring Child to Family Ties because Child had gymnastics class on the night that Family Ties scheduled the sessions after she requested a change in therapist. But as the trial court explained in its order:
The Court never heard anything about the gymnastic[s] classes. The Court is therefore unaware where these classes occur or whether these classes occur on any other night. Most evidently missing from the testimony is evidence which revealed whether such classes are available at other gyms or facilities. This absence is especially troubling since the Court doubts that, in a community the size of Fort Wayne, the only gymnastics class offered for seven year old girls is at one location and is only offered on Wednesday nights. Other alternatives must exist.
Appellant’s App. Vol. II p. 172 n.1.